JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  2:23-cv-09982-JLS-MRW                                                              Date: December 14, 2023
Title:  Southland Income Properties, Inc. v. Charles Andrade, et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Gabby Garcia | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANTS:

Not Present                                                              Not Present

**PROCEEDINGS:**   **(IN CHAMBERS) ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT AND DENYING AS MOOT DEFENDANT'S REQUEST TO PROCEED *IN FORMA PAUPERIS***

    Plaintiff Southland Income Properties, Inc., filed this unlawful detainer action against Defendant Charles Andrade on September 26, 2023, in Los Angeles County Superior Court, Case Number 23STUD12666.  (*See* Doc. 1 at 11)  On November 27, 2023, Defendant removed this action.  (*Id.* at 1.)  If a federal district court lacks subject matter jurisdiction, it must remand the case, and has the discretion to do so *sua sponte*.  *See Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) (citing 28 U.S.C. § 1447(c)).  For the reasons discussed below, the Court REMANDS this action to the Los Angeles County Superior Court.

    When reviewing a notice of removal, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006)) (quotations and alterations omitted).  Courts "strictly construe the removal statute against removal jurisdiction," thus "the defendant always has the burden of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:23-cv-09982-JLS-MRW  Date: December 14, 2023
Title: Southland Income Properties, Inc. v. Charles Andrade, et al.

establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Moreover, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Defendant attaches the underlying unlawful detainer form complaint ("Complaint") to his Notice of Removal. (Doc. 1 at 11.) The Complaint invokes neither the Court's federal question jurisdiction nor its diversity jurisdiction.

Unlawful detainer actions such as this do not arise under federal law; thus, the Court's federal question jurisdiction cannot be invoked. *See, e.g., IndyMac Fed. Bank, F.S.B. v. Ocampo*, No. 09-2337, 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject-matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *Galileo Fin. v. Miin Sun Park*, 2009 WL 3157411, at *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists.").

Moreover, the amount in controversy necessary to invoke the Court's diversity jurisdiction has not been met. *Compare* 28 U.S.C. § 1332 (conferring jurisdiction only "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs") *with* Doc. 1 at 11, Compl. at 1 (specifying the amount in controversy as not exceeding $10,000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-09982-JLS-MRW                                      Date: December 14, 2023
Title:  Southland Income Properties, Inc. v. Charles Andrade, et al.

    Removal of this case is also prohibited in this case by the forum-defendant rule. Specifically, in the absence of a federal question, where the Court's jurisdiction is premised on diversity of citizenship, a removing defendant may not be a citizen of the forum state.  Here, Defendant's address shows that he is a California citizen and is therefore clearly a forum defendant who lacks the ability to remove a state-court action. *See* 28 U.S.C. § 1441(b).

    For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction over this case, and REMANDS it to Los Angeles County Superior Court, Case No. 23STUD12666.

    The pending Request to Proceed In Forma Pauperis (Doc. 3) is DENIED as moot.

Initials of Deputy Clerk: gga